## Easton School District v. Young.

*Harry A. Hillyer*, for plaintiff; *Jacob Raub*, for defendants.

STEWART, P. J., September 29, 1930.—This is a rule for judgment for want of a sufficient affidavit of defense. The lien was filed against the defendants' real estate in the City of Easton for the collection of unpaid school taxes.

The defendants filed an affidavit of defense, in which they alleged "that there was at all times sufficient personal property on the premises out of which said taxes could have been made or collected," and "that the collector of school taxes, T. A. Mellon, advised the defendants, since the lien was filed, that he had not attempted to collect the taxes or any part thereof out of the personal property upon the premises." These taxes are, by law, made a lien upon the property. That the defense herein relied on is not a valid one is expressly ruled in Claysville Borough School District v. Worrell, 37 Pa. Superior Ct. 10, which was a scire facias sur tax lien. On page 15, Judge Henderson said: "The appellants contend, further, that as there was personal property on the assessed premises at all times out of which the tax could have been made it was the duty of the collector to exhaust the personal property as required by the act of 1834, and that a lien for taxes cannot be sustained. This is not a defense to a scire facias on a tax lien filed under the act of June 4, 1901. That act gives a lien in favor of school districts, and prescribes the time when and the manner in which the claim may be filed and the procedure under which it may be enforced, and furnishes a complete system for the collection of taxes through a recorded lien. The claimant is entitled to its lien and judgment thereon, under the express words of the statute. Whether the land could be sold until the personal property on the premises liable to seizure for the tax is first sold we need not consider, for the case has not reached that stage." Why the learned judge expressed the doubt in the latter part of the quotation is not apparent to us. As now advised, we should unhesitatingly hold that the land could be sold. The same result would follow from a consideration of the reasoning of the late President Judge Scott, in City of Easton v. Drake, 6 Northamp. Co. Repr. 117. The syllabus of that case is: "Taxes for the fiscal year 1895 were levied by ordinance of a city of the third class on February 15. A was the owner of real estate within the city, who defaulted in payment to the treasurer; November 1, a warrant was issued to collector, who failed to secure the taxes by distraint or arrest of the person, although sufficient personal property was upon the premises continuously. He did not return a schedule of these unpaid taxes to the city treasurer, until after B had become the purchaser of the real estate, against which they were assessed, on December 6, 1896. On February 1, 1897, the city solicitor, upon a certificate of the treasurer, registered the lien in prothonotary's office. Held, That the property in B's hands as purchaser was liable for the tax. The provisions for registry are only directory and not to give subsequent purchasers or incumbrances the protection afforded by recording acts. The statute itself creates the lien until paid. Registry is required only to continue the lien where local laws provide for the determination of it within a certain time unless registered."

The other defenses set forth are: that the collector, by advertisement, fixed on July 10, 1929, as the last day upon which the taxes could be paid; that this lien was filed on July 9th and on the latter day the defendants were ready and willing to pay the taxes, and that on August 31, 1929, they tendered to the collector the amount of the taxes, interest and penalties. These averments are not sufficient. The lien had been filed on July 9th, and a tender, to be sufficient, should have included the costs of filing the lien, and it should have been a legal tender. There is nothing in the affidavit that prevents judgment.

And now, September 29, 1930, rule absolute, and judgment is entered in favor of the plaintiff and against the defendants for $80.31 for want of a sufficient affidavit of defense.      From Henry D. Maxwell, Easton, Pa.